## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Daniel Bell, *et al.* | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Civil Action No. 1:18-cv-00744- |
| v. | ) | MJG |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT CSX TRANSPORTATION, INC.'S
### ANSWER TO PLAINTIFFS' COMPLAINT

Defendant CSX Transportation, Inc. ("CSXT"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiffs Daniel Bell *et al*.  CSXT denies all of the allegations of the Complaint unless expressly admitted herein.  CSXT answers the allegations in the like-numbered paragraphs of the Complaint as follows:

### INTRODUCTION

1.    CSXT admits that it is the third largest railroad in the United States, that it operates a 365-days-a-year business, and that some employees may be required to report for service on weekends and holidays.  CSXT denies the remaining allegations contained in Paragraph 1.

2.    The first sentence of Paragraph 2 of the Complaint states conclusions of law as to which no response is required.  To the extent any response is required, CSXT admits that the FMLA entitles eligible employees to take leave for specified family and medical reasons, subject

to various terms and conditions.  CSXT denies the remaining allegations contained in Paragraph 2.

3.      The third sentence of Paragraph 3 states conclusions of law as to which no response is required.  To the extent that a response is required, CSXT denies the allegation. CSXT also denies the remaining allegations contained in Paragraph 3.

4.      CSXT admits that, under its attendance policy applicable to Train & Engine ("T&E") employees, employees accrue points for certain absences (not including FMLA leave), and that three points are deducted from an employee's accumulated point total for every calendar month in which the employee does not accrue any points and has not otherwise been absent during the month for any reason, with certain exceptions.  CSXT denies the remaining allegations contained in Paragraph 4.

5.      CSXT denies the allegations contained in Paragraph 5.

6.      CSXT denies the allegations contained in Paragraph 6.

7.      CSXT denies the allegations contained in Paragraph 7.

8.      CSXT admits that Plaintiffs have filed a putative class action but denies that any of the allegations therein have merit.  CSXT denies the remaining allegations contained in Paragraph 8.

## PARTIES

9.      CSXT admits that Plaintiff Daniel worked for CSXT for over twelve years. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 9, and therefore denies it.

10.      CSXT admits that Plaintiff Jeremy Bright worked for CSXT for almost six years. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 10, and therefore denies it.

11.    CSXT admits that Plaintiff Andrew Brown worked for CSXT for more than eleven years.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 11, and therefore denies it.

12.    CSXT admits Plaintiff Jared Brown worked for CSXT but denies that he started doing so in 2001.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

13.    CSXT admits that Plaintiff Jeff Burgess worked for CSXT starting in May of 2007.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore denies them.

14.    CSXT admits that Plaintiff Hank Crossman Jr. worked for CSXT starting in 2011. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore denies them.

15.    CSXT admits that Plaintiff Nathan Dove works for CSXT but denies that he has done so for more than eight years.  CSXT admits that, according to its records, Plaintiff resides in Trussville, Alabama.

16.    CSXT admits that Plaintiff Ken Enlow works for CSXT but denies that he has done so for more than fourteen years.  CSXT admits that, according to its records, Plaintiff resides in Avon, Indiana.

17.    CSXT admits that Plaintiff Jason Ewing worked for CSXT for nearly six years. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 17, and therefore denies it.

18.      CSXT admits that Plaintiff Justin Foringer worked for CSXT for over thirteen years.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 18, and therefore denies it.

19.      CSXT admits that Plaintiff Scott Gales worked for CSXT but denies that he did so for more than thirteen years.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 19, and therefore denies it.

20.      CSXT admits that Plaintiff Barry Gillum works for CSXT but denies that he has done so for over seventeen years.  CSXT admits that, according to its records, Plaintiff resides in Cumberland, Maryland.

21.      CSXT admits that Plaintiff Lamont Paulk has worked for CSXT for over eleven years and that according it its records, Plaintiff resides in Fort Wayne, Indiana.

22.      CSXT admits that Plaintiff Joseph Richardson has worked for CSXT since November 2000.  CSXT further admits that, according to its records, Plaintiff resides in Springville, Alabama.  CSXT denies the remaining allegations contained in Paragraph 22.

23.      CSXT admits that Plaintiff Moussa Sayed worked for CSXT for nearly five years. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 23, and therefore denies it.

24.      CSXT admits that Plaintiff Chris Scott has worked for CSXT for nearly sixteen years and that, according to its records, Plaintiff resides in Lumberton, North Carolina.

25.      CSXT admits that Plaintiff Chris Scott has worked for CSXT for over four years and that, according to its records, Plaintiff resides in Henderson, Kentucky.

26.     CSXT admits that Plaintiff William Wasdin worked for CSXT for nearly thirteen years.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 26, and therefore denies it.

27.     CSXT admits that Plaintiff Cleatis Webb has worked for CSXT for over fourteen years and that, according to its records, Plaintiff resides in Amelia, Ohio.

28.     CSXT admits that Plaintiff Jeffrey Whisner worked for CSXT for over seven years.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 28, and therefore denies it.

29.     CSXT admits the allegations contained in Paragraph 29.

## JURISDICTION AND VENUE

30.     The allegation contained in Paragraph 30 of the Complaint states conclusions of law as to which no response is required.  To the extent that any response is required, CSXT denies the allegation.

31.     CSXT admits that it operates in Maryland.  Paragraph 31 of the Complaint otherwise states conclusions of law as to which no response is required.  To the extent that any response is required, CSXT denies the allegations.

## FACTUAL ALLEGATIONS

### CSX'S COMPANYWIDE PRACTICES

32.     CSXT admits the allegations contained in Paragraph 32.

33.     CSXT denies the allegations contained in Paragraph 33.

34.     CSXT admits the allegations contained in Paragraph 34.

35.     CSXT denies the allegations contained in Paragraph 35.

36.     CSXT denies the allegations contained in Paragraph 36.

37.     CSXT denies the allegations contained in Paragraph 37.

38.     Paragraph 38 of the Complaint states conclusions of law as to which no response is required.  To the extent any response is required, CSXT admits that the FMLA entitles eligible employees to take up to 12 workweeks of leave for specified family and medical reasons, subject to various terms and conditions.  CSXT denies the remaining allegations in Paragraph 38.

39.     CSXT denies the allegations contained in Paragraph 39 and avers that an employee's doctor is not the one who "approves" an employee to take FMLA leave.

40.     Paragraph 40 of the Complaint state conclusions of law as to which no response is required.  To the extent that a response is required, CSXT denies the allegation.

41.     CSXT denies the allegations contained in Paragraph 41.

42.     CSXT denies the allegations contained in Paragraph 42.

43.     CSXT denies the allegations contained in Paragraph 43.

44.     CSXT admits that, under the CAPS policy, employees accrue points for certain absences (not including FMLA leave), and that the accumulation of points can eventually lead to an employee's dismissal.  CSXT further admits that three points are deducted from an employee's accumulated point total for every calendar month in which the employee does not accrue any points and has not otherwise been absent during the month for any reason, with certain exceptions.  CSXT denies any and all remaining allegations contained in Paragraph 44.

45.     CSXT admits that, under the CAPS policy, three points are deducted from an employee's accumulated point total for every calendar month in which the employee does not accrue any points and has not otherwise been absent during the month for any reason, with certain exceptions.  CSXT denies the remaining allegations contained in Paragraph 45.

46.     CSXT denies the allegations contained in Paragraph 46.

47.    CSXT denies the allegations contained in Paragraph 47.

48.    CSXT denies the allegations contained in Paragraph 48.

49.    CSXT denies the allegations contained in Paragraph 49.

50.    CSXT admits that its collective bargaining agreements generally provide that employees charged with rule violations are entitled to a hearing before discipline is assessed, and avers that such hearings are conducted in accordance with the terms of the applicable collective bargaining agreement.  CSXT further avers that these procedures are consistent with the Railway Labor Act.  In addition, CSXT admits that hearings on charges typically take less than one day. CSXT denies the remaining allegations in Paragraph 50.

51.    CSXT avers that some of the employees charged with dishonesty asked to waive their right to a hearing, and that CSXT allowed some of those employees to do so.  CSXT further avers that by signing a waiver, the employees admitted that they had used FMLA leave dishonestly and accepted an unpaid suspension for it.  CSXT denies each and every remaining allegation contained in Paragraph 51.

52.    CSXT denies the allegations contained in Paragraph 52.

53.    CSXT denies the allegations contained in Paragraph 53.

54.    CSXT denies the allegations contained in Paragraph 54.

55.    CSXT admits that a majority of the employees charged with using FMLA leave dishonestly over Christmas 2017 and/or New Year's 2018 were suspended or terminated after a hearing on the charges.  CSXT denies the remaining allegations in Paragraph 55.

56.    CSXT denies the allegations contained in Paragraph 56.

**PLAINTIFF DANIEL BELL**

57.    CSXT admits that, during his employment with CSXT, Plaintiff Daniel Bell submitted a medical certification indicating that he suffered from a serious health condition

within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint, and therefore denies them.

58.    CSXT admits that Plaintiff Daniel Bell requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58, and therefore denies them.

59.    CSXT admits the allegations contained in Paragraph 59.

60.    CSXT denies the allegations contained in Paragraph 60.

61.    CSXT denies the allegations contained in Paragraph 61.

62.    CSXT denies the allegations contained in Paragraph 62.

63.    CSXT denies the allegations contained in Paragraph 63.

64.    CSXT admits that Plaintiff Daniel Bell marked off from December 24, 2017 at 12:43 a.m. to December 24, 2017 at 5:20 p.m., for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 24 via one of the means available for employees to do so.  However, CSXT denies that Mr. Bell marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 64.

65.    CSXT admits that it charged and terminated Plaintiff Daniel Bell for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 65.

66.    CSXT denies the allegations contained in Paragraph 66.

**PLAINTIFF JEREMY BRIGHT**

67.    CSXT admits that, during his employment with CSXT, Plaintiff Jeremy Bright submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 67 of the Complaint, and therefore denies them.

68.     CSXT admits that Plaintiff Jeremy Bright requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore denies them.

69.     CSXT admits the allegations contained in Paragraph 69.

70.     CSXT denies the allegations contained in Paragraph 70.

71.     CSXT denies the allegations contained in Paragraph 71.

72.     CSXT denies the allegations contained in Paragraph 72.

73.     CSXT denies the allegations contained in Paragraph 73.

74.     CSXT admits that Plaintiff Jeremy Bright marked off from December 24, 2017 at 9:55 p.m. to December 26, 2017 at 11:48 a.m for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 24 via one of the means available for employees to do so.  However, CSXT denies that Mr. Bright marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 74.

75.     CSXT admits that it charged and terminated Plaintiff Jeremy Bright for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 75.

76.     CSXT denies the allegations contained in Paragraph 76.

**PLAINTIFF ANDREW BROWN**

77.     CSXT admits that, during his employment with CSXT, Plaintiff Andrew Brown submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 77 of the Complaint, and therefore denies them.

78.    CSXT admits that Plaintiff Andrew Brown requested intermittent FMLA leave and indicated that it was for his own serious health condition. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and therefore denies them.

79.    CSXT admits the allegations contained in Paragraph 79.

80.    CSXT denies the allegations contained in Paragraph 80.

81.    CSXT denies the allegations contained in Paragraph 81.

82.    CSXT denies the allegations contained in Paragraph 82.

83.    CSXT denies the allegations contained in Paragraph 83.

84.    CSXT admits that Plaintiff Andrew Brown marked off from December 24, 2017 at 3:00 p.m. to December 26, 2017 at 12:03 a.m, and from December 31, 2017 at 8:08 a.m. to January 1, 2018 at 12:01 a.m. for what he claimed was FMLA leave. CSXT further admits that Plaintiff marked off on December 24 and 31 via one of the means available for employees to do so. However, CSXT denies that Mr. Brown marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 84.

85.    CSXT admits that it charged and terminated Plaintiff Andrew Brown for using FMLA leave dishonestly. CSXT denies the remaining allegations contained in Paragraph 85.

86.    CSXT denies the allegations contained in Paragraph 86.

**PLAINTIFF JARED BROWN**

87.    CSXT admits that, during his employment with CSXT, Plaintiff Jared Brown submitted a medical certification indicating that he suffered from a serious health condition

10

within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of the Complaint, and therefore denies them.

88.    CSXT admits that Plaintiff Jared Brown requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, and therefore denies them.

89.    CSXT admits the allegations contained in Paragraph 89.

90.    CSXT denies the allegations contained in Paragraph 90.

91.    CSXT denies the allegations contained in Paragraph 91.

92.    CSXT denies the allegations contained in Paragraph 92.

93.    CSXT denies the allegations contained in Paragraph 93.

94.    CSXT admits that Plaintiff Jared Brown marked off from December 23, 2017 at 9:38 p.m. to December 26, 2017 at 7:58 a.m. for what he claimed was FMLA leave, and that he had been approved to take intermittent FMLA leave previously.  CSXT further admits that Plaintiff marked off on December 23 via one of the means available for employees to do so. However, CSXT denies that Mr. Brown marked off for FMLA leave for a proper purpose, and further denies each and every remaining allegation in Paragraph 94.

95.    CSXT admits that it charged and terminated Plaintiff Jared Brown for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 95.

96.    CSXT denies the allegations contained in Paragraph 96.

## PLAINTIFF JEFF BURGESS

97.    CSXT admits that, during his employment with CSXT, Plaintiff Jeff Burgess submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 of the Complaint, and therefore denies them.

98.    CSXT admits that Plaintiff Jeff Burgess requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and therefore denies them.

99.    CSXT admits the allegations contained in Paragraph 99.

100.    CSXT denies the allegations contained in Paragraph 100.

101.    CSXT denies the allegations contained in Paragraph 101.

102.    CSXT denies the allegations contained in Paragraph 102.

103.    CSXT denies the allegations contained in Paragraph 103.

104.    CSXT admits that Plaintiff Jeff Burgess marked off from December 23, 2017 at 6:16 a.m. to December 25, 2017 at 10:11 p.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 23 via one of the means available for employees to do so.  However, CSXT denies that Mr. Burgess marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 104.

105.    CSXT admits that it charged and terminated Plaintiff Jeff Burgess for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 105.

106.    CSXT denies the allegations contained in Paragraph 106.

## PLAINTIFF HANK CROSSMAN JR.

107.    CSXT admits that, during his employment with CSXT, Plaintiff Hank Crossman Jr. submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the Complaint, and therefore denies them.

108.    CSXT admits that Plaintiff Hank Crossman Jr. requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and therefore denies them.

109.    CSXT admits the allegations contained in Paragraph 109.

110.    CSXT denies the allegations contained in Paragraph 110.

111.    CSXT denies the allegations contained in Paragraph 111.

112.    CSXT denies the allegations contained in Paragraph 112.

113.    CSXT denies the allegations contained in Paragraph 113.

114.    CSXT admits that Plaintiff Hank Crossman Jr. marked off from December 23, 2017 at 1:53 p.m. to December 26, 2017 at 3:42 a.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 23 via one of the means available for employees to do so.  However, CSXT denies that Mr. Crossman marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 114.

115.    CSXT admits that it charged and terminated Plaintiff Hank Crossan Jr. for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 115.

116.    CSXT denies the allegations contained in Paragraph 116.

## PLAINTIFF NATHAN DOVE

117.    CSXT admits that, during his employment with CSXT, Plaintiff Nathan Dove submitted a medical certification indicating that his parent suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 of the Complaint, and therefore denies them.

118.    CSXT admits that Plaintiff Nathan Dove requested intermittent FMLA leave and indicated that it was for his parent's serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118, and therefore denies them.

119.    CSXT admits the allegations contained in Paragraph 119.

120.    CSXT denies the allegations contained in Paragraph 120.

121.    CSXT denies the allegations contained in Paragraph 121.

122.    CSXT denies the allegations contained in Paragraph 122.

123.    CSXT denies the allegations contained in Paragraph 123.

124.    CSXT admits that Plaintiff Nathan Dove marked off from December 24, 2017 at 1:37 p.m. to December 25, 2017 at 4:52 p.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 24 via one of the means available for employees to do so.  However, CSXT denies that Mr. Dove marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 124.

125.    CSXT admits that it charged and terminated Plaintiff Nathan Dove for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 125.

126.    CSXT denies the allegations contained in Paragraph 126.

14

## PLAINTIFF KEN ENLOW

127.    CSXT admits that, during his employment with CSXT, Plaintiff Ken Enlow submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 of the Complaint, and therefore denies them.

128.    CSXT admits that Plaintiff Ken Enlow requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128, and therefore denies them.

129.    CSXT admits the allegations contained in Paragraph 129.

130.    CSXT denies the allegations contained in Paragraph 130.

131.    CSXT denies the allegations contained in Paragraph 131.

132.    CSXT denies the allegations contained in Paragraph 132.

133.    CSXT denies the allegations contained in Paragraph 133.

134.    CSXT admits that Plaintiff Ken Enlow marked off from December 24, 2017 at 2:11 a.m. to December 26, 2017 at 9:14 a.m for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 24 via one of the means available for employees to do so.  However, CSXT denies that Mr. Enlow marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 134.

135.    CSXT admits that it charged and suspended Plaintiff Ken Enlow for thirty days without pay for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 135.

136.    CSXT denies the allegations contained in Paragraph 136.

## PLAINTIFF JASON EWING

137.    CSXT admits that, during his employment with CSXT, Plaintiff Jason Ewing submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 of the Complaint, and therefore denies them.

138.    CSXT admits that Plaintiff Jason Ewing requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and therefore denies them.

139.    CSXT admits the allegations contained in Paragraph 139.

140.    CSXT denies the allegations contained in Paragraph 140.

141.    CSXT denies the allegations contained in Paragraph 141.

142.    CSXT denies the allegations contained in Paragraph 142.

143.    CSXT denies the allegations contained in Paragraph 143.

144.    CSXT admits that Plaintiff Jason Ewing marked off from December 24, 2017 at 10:01 a.m. to December 25, 2017 at 11:28 a.m for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 24 via one of the means available for employees to do so.  However, CSXT denies that Mr. Ewing marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 144.

145.    CSXT admits that it charged and terminated Plaintiff Jason Ewing for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 145.

146.    CSXT denies the allegations contained in Paragraph 146.

## PLAINTIFF JUSTIN FORINGER

147.    CSXT admits that, during his employment with CSXT, Plaintiff Justin Foringer submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 of the Complaint, and therefore denies them.

148.    CSXT admits that Plaintiff Justin Foringer requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148, and therefore denies them.

149.    CSXT admits the allegations contained in Paragraph 149.

150.    CSXT denies the allegations contained in Paragraph 150.

151.    CSXT denies the allegations contained in Paragraph 151.

152.    CSXT denies the allegations contained in Paragraph 152.

153.    CSXT denies the allegations contained in Paragraph 153.

154.    CSXT admits that Plaintiff Justin Foringer marked off from December 24, 2017 at 4:02 a.m. to December 26, 2017 at 10:13 a.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 24 via one of the means available for employees to do so.  However, CSXT denies that Mr. Foringer marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 154.

155.    CSXT admits that it charged and terminated Plaintiff Justin Foringer for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 155.

156.    CSXT denies the allegations contained in Paragraph 156.

## PLAINTIFF SCOTT GALES

157.    CSXT admits that, during his employment with CSXT, Plaintiff Scott Gales submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 of the Complaint, and therefore denies them.

158.    CSXT admits that Plaintiff Scott Gales requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158, and therefore denies them.

159.    CSXT admits the allegations contained in Paragraph 159.

160.    CSXT denies the allegations contained in Paragraph 160.

161.    CSXT denies the allegations contained in Paragraph 161.

162.    CSXT denies the allegations contained in Paragraph 162.

163.    CSXT denies the allegations contained in Paragraph 163.

164.    CSXT admits that Plaintiff Scott Gales marked off from December 23, 2017 at 7:38 p.m. to December 25, 2017 at 1:50 a.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 23 via one of the means available for employees to do so.  However, CSXT denies that Mr. Gales marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 164.

165.    CSXT admits that it charged and terminated Plaintiff Scott Gales for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 165.

166.    CSXT denies the allegations contained in Paragraph 166.

## PLAINTIFF BARRY GILLUM

167.    CSXT admits that, during his employment with CSXT, Plaintiff Barry Gillum submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 of the Complaint, and therefore denies them.

168.    CSXT admits that Plaintiff Barry Gillum requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168, and therefore denies them.

169.    CSXT admits the allegations contained in Paragraph 169.

170.    CSXT admits the allegations contained in Paragraph 170.

171.    CSXT denies the allegations contained in Paragraph 171.

172.    CSXT denies the allegations contained in Paragraph 172.

173.    CSXT denies the allegations contained in Paragraph 173.

174.    CSXT admits that Plaintiff Barry Gillum marked off on Christmas Day for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 25 via one of the means available for employees to do so.  However, CSXT denies that Mr. Gillum marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 174.

175.    CSXT admits that it charged and suspended Plaintiff Barry Gillum for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 175.

176.    CSXT denies the allegations contained in Paragraph 176.

## PLAINTIFF LAMONT PAULK

177.    CSXT admits that, during his employment with CSXT, Plaintiff Lamont Paulk submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177 of the Complaint, and therefore denies them.

178.    CSXT admits that Plaintiff Lamont Paulk requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178, and therefore denies them.

179.    CSXT admits the allegations contained in Paragraph 179.

180.    CSXT denies the allegations contained in Paragraph 180

181.    CSXT denies the allegations contained in Paragraph 181.

182.    CSXT denies the allegations contained in Paragraph 182.

183.    CSXT denies the allegations contained in Paragraph 183.

184.    CSXT admits that Plaintiff Lamont Paulk marked off from December 23, 2017 at 10:54 a.m. to December 25, 2017 at 11:05 p.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 23 via one of the means available for employees to do so.  However, CSXT denies that Mr. Paulk marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 184.

185.    CSXT admits that it suspended Plaintiff Lamont Paulk for thirty days without pay for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 185.

186.    CSXT denies the allegations contained in Paragraph 186.

## PLAINTIFF JOSEPH RICHARDSON

187.    CSXT admits that, during his employment with CSXT, Plaintiff Joseph Richardson submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 of the Complaint, and therefore denies them.

188.    CSXT admits that Plaintiff Joseph Richardson requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188, and therefore denies them.

189.    CSXT admits the allegations contained in Paragraph 189.

190.    CSXT admits the allegations contained in Paragraph 190.

191.    CSXT denies the allegations contained in Paragraph 191.

192.    CSXT denies the allegations contained in Paragraph 192.

193.    CSXT denies the allegations contained in Paragraph 193.

194.    CSXT admits that Plaintiff Joseph Richardson marked off on Christmas and New Year's Eve in 2017 for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 23 and 31 via one of the means available for employees to do so. However, CSXT denies that Mr. Richardson marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 194.

195.    CSXT admits that it charged and suspended Plaintiff Joseph Richardson for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 195.

196.    CSXT denies the allegations contained in Paragraph 196.

## PLAINTIFF MOUSSA SAYED

197.    CSXT admits that, during his employment with CSXT, Plaintiff Moussa Sayed submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 197 of the Complaint, and therefore denies them.

198.    CSXT admits that Plaintiff Moussa Sayed requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 198, and therefore denies them.

199.    CSXT admits the allegations contained in Paragraph 199.

200.    CSXT denies the allegations contained in Paragraph 200.

201.    CSXT denies the allegations contained in Paragraph 201.

202.    CSXT denies the allegations contained in Paragraph 202.

203.    CSXT denies the allegations contained in Paragraph 203.

204.    CSXT admits that Plaintiff Moussa Sayed marked off from December 24, 2017 at 1:02 p.m. to December 26, 2017 at 8:27 a.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 24 via one of the means available for employees to do so.  However, CSXT denies that Mr. Sayed marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 204.

205.    CSXT admits that it charged and suspended Plaintiff Moussa Sayed for thirty days without pay for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 205.

206.    CSXT denies the allegations contained in Paragraph 206.

## PLAINTIFF CHRIS SCOTT

207.    CSXT admits that, during his employment with CSXT, Plaintiff Chris Scott submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 207 of the Complaint, and therefore denies them.

208.    CSXT admits that Plaintiff Chris Scott requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208, and therefore denies them.

209.    CSXT admits the allegations contained in Paragraph 209.

210.    CSXT denies the allegations contained in Paragraph 210.

211.    CSXT denies the allegations contained in Paragraph 211.

212.    CSXT denies the allegations contained in Paragraph 212.

213.    CSXT denies the allegations contained in Paragraph 213.

214.    CSXT admits that Plaintiff Chris Scott marked off from December 25, 2017 at 12:03 a.m. to December 25, 2017 at 1:34 p.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 25 via one of the means available for employees to do so.  However, CSXT denies that Mr. Scott marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 214.

215.    CSXT admits that it charged and suspended Plaintiff Chris Scott without pay for the time during which he was held out of service (i.e., from January 8 to February 14, 2018) for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 215.

216.   CSXT denies the allegations contained in Paragraph 216.

**PLAINTIFF JASON SIEWERT**

217.   CSXT admits that, during his employment with CSXT, Plaintiff Jason Siewert submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 of the Complaint, and therefore denies them.

218.   CSXT admits that Plaintiff Jason Siewert requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 218, and therefore denies them.

219.   CSXT admits the allegations contained in Paragraph 219.

220.   CSXT denies the allegations contained in Paragraph 220.

221.   CSXT denies the allegations contained in Paragraph 221.

222.   CSXT denies the allegations contained in Paragraph 222.

223.   CSXT denies the allegations contained in Paragraph 223.

224.   CSXT admits that Plaintiff Jason Siewert marked off from December 23, 2017 at 11:44 a.m. to December 25, 2017 at 11:54 a.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 23 via one of the means available for employees to do so.  However, CSXT denies that Mr. Siewert marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 224.

225.   CSXT admits that it charged and suspended Plaintiff Jason Siewert without pay for the time during which he was held out of service (i.e., from January 3 to February 16, 2018)

for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 225.

226.    CSXT denies the allegations contained in Paragraph 226.

### PLAINTIFF WILLIAM WASDIN

227.    CSXT admits that, during his employment with CSXT, Plaintiff William Wasdin submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 227 of the Complaint, and therefore denies them.

228.    CSXT admits that Plaintiff William Wasdin requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 228, and therefore denies them.

229.    CSXT admits the allegations contained in Paragraph 229.

230.    CSXT denies the allegations contained in Paragraph 230.

231.    CSXT denies the allegations contained in Paragraph 231.

232.    CSXT denies the allegations contained in Paragraph 232.

233.    CSXT denies the allegations contained in Paragraph 233.

234.    CSXT admits that Plaintiff William Wasdin marked off from December 23, 2017 at 4:47 a.m. to December 26, 2017 at 6:17 a.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 23 via one of the means available for employees to do so.  However, CSXT denies that Mr. Wasdin marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 234.

235.    CSXT admits that it charged and terminated Plaintiff William Wasdin for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 235.

236.    CSXT denies the allegations contained in Paragraph 236.

## PLAINTIFF CLEATIS WEBB

237.    CSXT admits that, during his employment with CSXT, Plaintiff Cleatis Webb submitted a medical certification indicating that he suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 237 of the Complaint, and therefore denies them.

238.    CSXT admits that Plaintiff Cleatis Webb requested intermittent FMLA leave and indicated that it was for his own serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 238, and therefore denies them.

239.    CSXT admits the allegations contained in Paragraph 239.

240.    CSXT denies the allegations contained in Paragraph 240.

241.    CSXT denies the allegations contained in Paragraph 241.

242.    CSXT denies the allegations contained in Paragraph 242.

243.    CSXT denies the allegations contained in Paragraph 243.

244.    CSXT admits that Plaintiff Cleatis Webb marked off from December 23, 2017 at 1:09 a.m. to December 25, 2017 at 9:53 a.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 23 via one of the means available for employees to do so.  However, CSXT denies that Mr. Webb marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 244.

245.    CSXT admits that it charged and suspended Plaintiff Cleatis Webb without pay for the time during which he was held out of service for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 245.

246.    CSXT denies the allegations contained in Paragraph 246.

## PLAINTIFF JEFFREY WHISNER

247.    CSXT admits that, during his employment with CSXT, Plaintiff Jeffrey Whisner submitted a medical certification indicating that his parent suffered from a serious health condition within the meaning of the FMLA.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247 of the Complaint, and therefore denies them.

248.    CSXT admits that Plaintiff Jeffrey Whisner requested intermittent FMLA leave and indicated that it was for his parent's serious health condition.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 248, and therefore denies them.

249.    CSXT admits the allegations contained in Paragraph 249.

250.    CSXT denies the allegations contained in Paragraph 250.

251.    CSXT denies the allegations contained in Paragraph 251.

252.    CSXT denies the allegations contained in Paragraph 252.

253.    CSXT denies the allegations contained in Paragraph 253.

254.    CSXT admits that Plaintiff Jeffrey Whisner marked off from December 24, 2017 at 10:01 a.m. to December 26, 2017 at 6:44 p.m. for what he claimed was FMLA leave.  CSXT further admits that Plaintiff marked off on December 24 via one of the means available for

employees to do so.  However, CSXT denies that Mr. Whisner marked off for FMLA leave for a proper purpose, and further denies the remaining allegations in Paragraph 254.

255.    CSXT admits that it charged and terminated Plaintiff Jeffrey Whisner for using FMLA leave dishonestly.  CSXT denies the remaining allegations contained in Paragraph 255.

256.    CSXT denies the allegations contained in Paragraph 256.

## CLASS ALLEGATIONS

257.    CSXT admits that Plaintiffs purport to bring claims alleging violations of the FMLA pursuant to Federal Rule of Civil Procedure 23, and that Plaintiffs are seeking damages for those alleged violations on behalf of themselves and the purported classes contained in Paragraph 257.  However, CSXT denies that it violated the FMLA or any other law, and further denies that Plaintiffs are entitled to damages.  CSXT further denies the remaining allegations in Paragraph 257.

258.    CSXT denies the allegations contained in Paragraph 258.

259.    CSXT denies the allegations contained in Paragraph 259.

260.    CSXT denies the allegations contained in Paragraph 260.

261.    CSXT denies the allegations contained in Paragraph 261.

262.    CSXT denies that class treatment is appropriate.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 262 of the Complaint, and therefore denies them.

263.    CSXT denies the allegations contained in Paragraph 263.

264.    CSXT denies the allegations contained in Paragraph 264.

265.    CSXT denies the allegations contained in Paragraph 265.

266.    CSXT denies the allegations contained in Paragraph 266.

**CAUSES OF ACTION**
**COUNT I**
**VIOLATIONS OF THE FMLA-INTERFERENCE**

267.    Paragraph 267 of the Complaint states a conclusion of law as to which no response is required.  To the extent that any response is required, CSXT denies the allegation.

268.    Paragraph 268 of the Complaint states a conclusion of law as to which no response is required.  To the extent that any response is required, CSXT denies the allegation.

269.    CSXT denies the allegations contained in Paragraph 269.

270.    CSXT denies the allegations contained in Paragraph 270.

271.    CSXT denies the allegations contained in Paragraph 271.

**COUNT II**
**VIOLATIONS OF THE FMLA-DISCRIMINATION**

272.    Paragraph 272 of the Complaint states a conclusion of law as to which no response is required.  To the extent that any response is required, CSXT denies the allegation.

273.    CSXT denies the allegations contained in Paragraph 273.

274.    CSXT denies the allegations contained in Paragraph 274.

275.    CSXT denies the allegations contained in Paragraph 275.

**PRAYER FOR RELIEF**

276.    CSXT admits that Plaintiffs seek the relief described in this unnumbered Paragraph but denies that Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

In addition to the foregoing responses to the particular allegations of the Complaint, and without conceding that it bears the burden of proof as to any issue, CSXT asserts the following further defenses to Plaintiffs' Complaint:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

At all times, CSXT acted in good faith and had reasonable grounds for believing that its actions towards Plaintiffs and the putative class members did not violate the FMLA or any other law.

## THIRD DEFENSE

CSXT is not liable for any actions taken by any employee of CSXT outside the scope of his or her employment.

## FOURTH DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## SIXTH DEFENSE

Plaintiffs' claims for lost wages and benefits are barred, in whole or in part, to the extent that they failed to mitigate their alleged damages.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they have failed to properly exhaust available administrative or arbitral remedies.

## EIGHTH DEFENSE

CSXT is entitled to set-off credit against Plaintiffs' damages, if any, for any such

amounts they received from any source whatsoever with respect to the issues covered by this suit.

## NINTH DEFENSE

Plaintiffs' claims do not and cannot meet the requirements for certification under Rule 23.

## TENTH DEFENSE

Class certification of any of the claims in this suit is not appropriate and would deny CSXT due process of law.

## ELEVENTH DEFENSE

CSXT incorporates by reference and realleges all of its defenses to the claims of any individual who joins or becomes a class member in this action, and reserves the right to assert additional defenses as to them.

***

CSXT reserves the right to assert and does not waive any additional or further defenses as may be revealed during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

Dated:  May 21, 2018                    /s/ Thomas R. Chiavetta
                                                Donald J. Munro (*pro hac vice* motion forthcoming)
    Alison B. Marshall (Fed. Bar No. 14046)
    Thomas R. Chiavetta (Fed. Bar No. 19074)
    JONES DAY
    51 Louisiana Ave., N.W.
    Washington, D.C. 20001-2113
    Telephone: (202) 879-3939
    Facsimile: (202) 626-1700
    abmarshall@jonesday.com
    dmunro@jonesday.com
    tchiavetta@jonesday.com

    *Attorneys for Defendant CSX Transportation, Inc.*