IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFF BURGESS, *et al.*,** | * | |
| **Plaintiffs,** | * | |
| v. | * | Civ. No. JKB-18-00744 |
| **CSX TRANSPORTATION, INC.,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Now pending before the Court is Plaintiffs' Motion to Amend Scheduling Order, which was filed on May 13, 2025. (ECF No. 151.) The Motion requests a sixty-day extension from the deadline for disclosures of liability expert testimony under Federal Rule of Civil Procedure 26(a)(2), which was originally set for April 15, 2025 (ECF No. 130). (*Id.*) They also request that damages expert disclosure not be due until thirty days after the Court's ruling on any dispositive motion. (*Id.* at 2.) They also request corresponding extensions for Defendant CSX Transportation, Inc.'s expert disclosures. (*Id.* at 2.) The Motion does not request any extension of the fact discovery deadline, which is set for July 15, 2025. The Motion will be granted.

## I. Legal Standard

Under Rule 16(b)(4), a scheduling order, once entered, "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4).

> Properly construed, good cause means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Indeed, a judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Scheduling orders are necessary tools in managing the district court's caseload as it is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars.

*Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375–76 (D. Md. 1999) (cleaned up); *see also Cook v. Howard*, 484 F. App'x 805, 815, 819 (4th Cir. 2012).

"Fortunately for [P]laintiff[s], the sole inquiry on its Motion to Amend the Scheduling Order is not whether 'good cause' exists." *Potomac Elec.*, 190 F.R.D. at 376. When, as here, "the practical effect" of denial of the Motion "would be the exclusion of [P]laintiff[s'] expert from the trial of this case," the Court may also consider the factors that govern the question of whether to exclude witnesses not timely disclosed. *Id.* at 376–77. These factors are: 1) the reasons for the movant's tardiness, 2) the importance of the testimony, 3) the prejudice to the opposing party in allowing the testimony, and 4) the availability of a continuance to cure any such prejudice. *Id.* (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)); *accord Hall v. Balt. Police Dep't*, Civ. No. 24-1137-RDB, 2025 WL 509130, at *17 (D. Md. Feb. 13, 2025).

## II. Analysis

Plaintiffs have not been diligent in seeking scheduling relief. Nevertheless, the Court will grant their request to amend the scheduling order.

Starting with the diligence inquiry—first, Plaintiffs say that their expert needed document productions from CSX before writing her report, and that Plaintiffs could not request these documents until after CSX filed its answer to the amended complaint on April 18, 2025. (ECF No. 151 at 1; ECF No. 154 at 2.) But if Plaintiffs truly felt that their ability to make Rule 26(a)(2) disclosures was impaired by the lack of CSX's answer to the amended complaint, the proper time to raise that concern would have been before the deadline had passed—not nearly a month later. After all, the parties had been contemplating the possibility of filing amended pleadings since at least March 4, 2025 (*see* ECF No. 136), so none of this can have been a surprise to Plaintiffs. Second, Plaintiffs state that they only served a Rule 30(b)(6) deposition notice on CSX on May

2

20, 2025, and that their expert needs "[t]estimony from the corporate deposition . . . to write her report." (ECF No. 151 at 1.) But Plaintiffs do not explain why they waited until that date to serve the notice. Thus, any time crunch Plaintiffs perceive is self-inflicted. Third, Plaintiffs appeal to the case's "procedural complexity," relating to the fact that the Court had transferred non-Maryland Plaintiffs' cases out of the district. (ECF No. 154 at 3.) According to Plaintiffs, because "more than fifty plaintiffs were dismissed or transferred, and the operative complaint streamlining the claims to eight individuals was only recently permitted," it was impossible for them to comply with the scheduling order. (*Id.*) This argument is untenable. The operative scheduling order was entered on December 18, 2024, several weeks *after* the Court had transferred all non-Maryland plaintiffs to other districts. And, of course, if Plaintiffs believed that the scheduling order was unworkable, they had *four months* in which to raise that concern with the Court before the deadline had passed.

Although Plaintiffs' lack of diligence is not justified, that does not end the matter in the particular circumstances of this case. *See Potomac Elec.*, 190 F.R.D. at 376. For one thing, CSX does not have clean hands. It failed to respond to Plaintiffs' Motion within the fourteen-day deadline set by the Local Rules, *see* Local Rule 105.2 (D. Md. 2025), and only filed its response after the Court expressly directed it to do so, (*see* ECF No. 152). When neither side has acted with diligence, the Court hesitates to punish only one party and not the other.

Moreover, the Court considers the "drastic consequence" that an order denying scheduling relief may have in this case. *Hall*, 2025 WL 509130, at *17. It would effectively deprive Plaintiffs of all expert testimony, and may as a practical matter all but destroy their cases. "[B]ecause the Court endeavors to resolve cases on the merits where possible, it is disinclined—at least at this

juncture—to adopt the drastic sanction of exclusion of Plaintiffs' putative experts." *West v. Pitman*, Civ. No. JKB-24-00333, 2025 WL 437857, at *3 (collecting cases).

Turning to the *Geiserman* factors, the first factor favors CSX, as Plaintiffs' delay was not justified. However, the remaining three all favor Plaintiffs. The testimony is clearly important to Plaintiffs' cases (*see* ECF No. 154 at 3), CSX does not identify any prejudice that would result from amending the scheduling order (*see generally* ECF No. 153), and there is no trial date scheduled, so a continuance is appropriate. *See Hall*, 2025 WL 509130, at *18.

For these reasons, the Court will grant Plaintiffs' Motion and amend the scheduling order, albeit with some reluctance. *See Potomac Elec.*, 190 F.R.D. at 378 (granting a motion to amend the scheduling order, despite a lack of diligence, on the basis of the *Geiserman* factors); *Hall*, 2025 WL 509130, at *17 (similar). Counsel for Plaintiffs are warned, however, that they should not expect such further forbearance from the Court should they fail to comply with any future deadlines—particularly given the age of this case. Finally, because of the delay associated with litigating the instant Motion, the new deadlines that Plaintiffs originally proposed have themselves come and gone. So, the Court will set new deadlines, and make certain other corresponding adjustments to the scheduling order.

### III. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Plaintiffs' Motion to Amend Scheduling Order (ECF No. 151) is GRANTED.

2. The Scheduling Order (ECF No. 140) is AMENDED as follows:

    a. Plaintiffs' Rule 26(a)(2) disclosures as to liability experts are now due Friday, July 25, 2025.

    b. Defendant's Rule 26(a)(2) disclosures as to liability experts are now due Friday, August 15, 2025.

    c. Plaintiffs' rebuttal disclosures as to liability experts are now due Friday, August 29, 2025.

    d. The deadline for submission of a status report is now Friday, August 29, 2025.

    e. Requests for admissions are now due Friday, September 5, 2025.

    f. Dispositive pretrial motions are now due Friday, September 12, 2025.

3. Deadlines for disclosures of damages experts will not be set until after resolution of any dispositive pretrial motions. Within fourteen days of any ruling on dispositive motions, the parties SHALL FILE a joint motion proposing deadlines for disclosures of damages experts.

4. The fact discovery deadline of July 15, 2025, is UNCHANGED, neither party having asked for relief from the same. To the extent that the parties wish to have additional time to complete fact discovery, they SHALL MEET AND CONFER and SHALL FILE, on or before July 15, a motion requesting a brief extension of the fact discovery deadline. This motion must be filed jointly to the extent possible.

DATED this _11_ day of July, 2025.

                                    BY THE COURT:

                                    James K. Bredar
                                    United States District Judge